NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAY 12 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| TODD ROBERTS, | No. 21-36052 |
| Plaintiff-Appellant, | D.C. No. 6:19-cv-01595-MC |
| v. | |
| SPRINGFIELD UTILITY BOARD, a Public Body; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Argued and Submitted February 6, 2023
Portland, Oregon

Before:  M. SMITH, FORREST, and SUNG, Circuit Judges.

Plaintiff-Appellant Todd Roberts appeals certain evidentiary and discovery orders, as well as the district court's grant of summary judgment to Defendants-Appellees on his First Amendment prior restraint claim, Fourteenth Amendment procedural due process claim, and state law retaliation claim brought pursuant to

---

[*]  This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Oregon Revised Statute 659A.230. The parties' familiarity with the briefing and record is assumed, and the applicable standards of review are well-established. *See, e.g.*, *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (en banc); *Laub v. U.S. Dep't of Interior*, 342 F.3d 1080, 1084, 1093 (9th Cir. 2003); *Microsoft Corp. v. Motorola, Inc.*, 795 F.3d 1024, 1052 (9th Cir. 2015). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.[1]

1.      The district court properly determined that Roberts failed to establish a due process violation. Roberts argues that Defendants violated his right to due process because it barred him from personally speaking with potential witnesses during the pendency of the investigation into his alleged violation of Springfield Utility Board (SUB) policy. "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976) (quotation marks and citation omitted). Broadly speaking, this "requires some kind of a hearing prior to the discharge of an employee who has a constitutionally protected property interest in his employment." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542, 546 (1985) (cleaned up); *see also Morrisey v. Brewer*, 408 U.S. 471, 481 (1972) ("[D]ue process is flexible and calls for such procedural protections as the particular situation demands"). SUB

---

[1] In a concurrently filed opinion, we address Roberts' challenge to the district court's grant of summary judgment on his First Amendment prior restraint claim brought pursuant to 42 U.S.C. § 1983.

informed Roberts of the policies he was alleged to have violated in a notice of paid administrative leave. Roberts was able to present his version of events at two interview sessions with SUB counsel, at the second of which his attorney was also present. Importantly, Defendants did not limit Roberts' counsel's ability to interview potential witnesses during the investigation. Finally, Roberts was given advance notice of pre- and post-termination hearings at which he would have had the opportunity to contest the findings of the investigation. Despite these opportunities, Roberts did not attend either hearing or request that they be moved to a different time or venue. Nothing more was required of SUB.

2.      The district court did not abuse its discretion in quashing the depositions of SUB's attorneys, Kathy Peck and Dian Rubanoff. "[I]f the defendant does plead the [qualified] immunity defense, the district court should resolve that threshold question before permitting discovery." *Crawford-El v. Britton*, 523 U.S. 574, 598 (1998) (citing *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). Here, Peck and Rubanoff raised a qualified immunity defense, so the district court was justified in proceeding to summary judgment without permitting their depositions to proceed. Moreover, the district court determined that the information sought in the depositions was protected under the attorney-client privilege and was therefore not discoverable. Roberts does not challenge this underlying privilege determination in his briefing, and therefore forfeited the right to do so. *Miller v. Fairchild Indus.,*

3

*Inc.*, 797 F.2d 727, 738 (9th Cir. 1986) ("The Court of Appeals will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening brief[.]").

3. Nor did the court abuse its discretion by striking SUB's proposed separation agreement as inadmissible. Roberts sought to introduce the proposed agreement to prove the validity of his state law retaliation claim, which is a prohibited use pursuant to Fed. R. Evid. 408(a) that does not qualify for an exception pursuant to Fed. R. Evid. 408(b).

4. Finally, the district court did not err in granting summary judgment on Roberts' state law retaliation claim. Roberts' entire argument regarding this claim relies on the proposed separation agreement to prove liability. Because the separation agreement was properly excluded, Roberts' argument fails.

**AFFIRMED.**